IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARONDA Y. JONES, | * |
| v. | * Civil No. JFM-14-00185 |
| STATE FARM FIRE AND CAUSALTY COMPANY | * |

******

# MEMORANDUM

Plaintiff Sharonda Y. Jones brings this lawsuit against Defendant State Farm Fire and Casualty Company ("State Farm"), asserting breach of contract (Count I), statutory bad faith under 42 Pa. C.S. § 8371 (Count II), and violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et seq* (Count III). Now pending is State Farm's motion to dismiss Counts II and III of Jones' complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 3).

The motion is fully briefed, and no oral argument is necessary. For the reasons set forth below, the court grants State Farm's motion to dismiss Counts II and III of Jones' complaint.

## BACKGROUND

Jones purchased homeowner's insurance from Todd Powers Insurance Agency, Inc. ("Todd Powers"), a State Farm agent, "on or before June 10, 2013" with policy number 38B8C2362. (Compl., ECF No. 1-1 ¶¶ 4–5).[1] The policy was for the real and personal property located at 2114 East Twentieth Street, Erie, PA, with coverage up to $421,200,00.00 for the

---

[1] The internet rate quote and insurance application forms are attached as exhibits to State Farm's reply brief. (ECF Nos. 7-1, 7-2). They show that Jones received an internet rate quote on November 20, 2012, and completed the insurance application form on January 8, 2013.

dwelling and $243,000.00 for the personal property. *Id.* ¶¶ 7–8. The annual premium was $1,520.00. *Id.* ¶ 5.

Jones states she informed a Todd Powers employee that although she did not currently reside in the dwelling at 2114 East Twentieth Street, it was being renovated and that she would move in once the renovations were completed. *Id.* ¶¶ 23–25. Jones also claims she informed a Todd Powers employee that "she had a previous fire," which was "one of the reasons why she wanted the insurance." *Id.* ¶ 21.

On or about June 11, 2013, a fire destroyed the dwelling and all personal property at 2114 East Twentieth Street. *Id.* ¶ 10. Jones presented State Farm with a claim for the total loss of the dwelling and a personal property loss of $80,000. State Farm denied payment, citing Jones' failure to disclose in her application that: (1) there had been a previous fire, and (2) she was not using the dwelling as her primary residence. (*Id.* ¶¶ 20, 22; ECF No. 7-4).[2] Jones disputes both of these rationales by claiming that she informed a Todd Powers employee when she purchased the insurance that there had been a previous fire, and that the dwelling would become her primary residence once renovations were completed. (ECF No. 1-1 ¶¶ 21, 23).[3]

Jones filed a complaint against State Farm in the Court of Common Pleas of Erie County, Pennsylvania on June 9, 2014, seeking relief on three counts. (ECF No. 1-1). State Farm

---

[2] In its reply in support of its motion to dismiss, State Farm attached four exhibits. The court will consider these documents without converting State Farm's 12(b)(6) motion into one for summary judgment because the documents are "undisputedly authentic" and Jones' allegations in her complaint are based on them. *See, e.g.*, *In re Rockefeller Ctr. Properties, Inc. Securities Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). The documents are: (1) a State Farm rate quote with Jones' information, (2) Jones' insurance application form, (3) State Farm's homeowner's policy, and (4) State Farm's notice of rescission letter to Jones informing her that it had denied her claim and cancelled her policy. (ECF Nos. 7-1, 7-2, 7-3, 7-4). Jones' complaint relies on and references all four documents in her complaint.

[3] Jones also claims that the employee who conducted the inspection of the premises could obviously observe that the premises was undergoing construction. (ECF No. 1-1 ¶ 25).

removed the case to the U.S. District Court for the Western District of Pennsylvania on June 30, 2014, (ECF No. 1), and filed a motion to dismiss Counts II and III of Jones' complaint on July 7, 2014. (ECF No. 3).

## STANDARD

Rule 12(b)(6) motions test the legal sufficiency of a complaint. *E.g.*, *Gross v. Stryker Corp.*, 858 F. Supp. 2d 466, 475–76 (W.D. Pa. 2012). A court must separate a complaint's factual allegations from its legal conclusions, first accepting all well-pleaded facts and allegations in a complaint as true and viewing all reasonable inferences drawn from them in the light most favorable to the plaintiff. *E.g.*, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Courts need not, however, accept legal conclusions, including any that are "couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, the factual allegations of a complaint must be sufficient to constitute a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A "formulaic recitation of the elements of a cause of action" is insufficient, *Twombly*, 550 U.S. at 555, because the plaintiff must allege sufficient verifiable facts that, if true, would constitute a facially plausible basis for relief against the defendant. *E.g.*, *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[T]he factual allegations must be enough to raise a right to relief above the speculative level.") (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

3

ANALYSIS

State Farm moves to dismiss Counts II and III of Jones' complaint for failure to state a claim upon which relief can be granted. Each Count is addressed in turn.

I.  **Count II: Bad Faith under 42 Pa. C.S. § 8371**.

State Farm moves to dismiss Count II of Jones' complaint, which alleges that State Farm violated § 8371 by acting in bad faith when it denied Jones' claim. State Farm argues that Jones' complaint does not state a plausible basis for relief.

   **A. Statutory bad faith under § 8371.**

The Pennsylvania Legislature enacted § 8371 to provide insurance customers with a remedy against insurers who act in bad faith. *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 195–96 (Pa. 2007). Viewing the § 8371 cause of action in the context of the 12(b)(6) standard, a plaintiff must plead sufficient facts that plausibly show: (1) the insurer did not have a reasonable basis for denying the plaintiff's claim under her policy, and (2) the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim.[4] *E.g.*, *Keefe v. Prudential Prop. and Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citing *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). The Third Circuit has characterized "the essence of a bad faith claim as the unreasonable and intentional (or reckless) denial of benefits." *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 179 (3d Cir. 2011).

As the first element of the cause of action explicitly states, an insurer can defeat a bad faith claim by demonstrating a reasonable basis for its actions. *Fogel*, 656 F.3d at 179; *see also J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004) ("A reasonable basis is all

---

[4] Although plaintiffs must prove bad faith under § 8371 by clear and convincing evidence, *e.g.*, *Fogel*, 656 F.3d at 179, that standard is not dispositive on a 12(b)(6) motion. The court focuses here on the legal sufficiency of Jones' pleadings.

that is required to defeat a claim of bad faith."). The insurer need not even be correct in its decision; reasonable mistakes and mere negligence also bar relief under § 8371. *See generally Smith v. Allstate Ins. Co.*, 904 F. Supp. 2d 515, 524 (W.D. Pa. 2012). In the specific context of a plaintiff challenging the denial of a claim, the insurer can demonstrate its reasonableness by highlighting material misrepresentations on a plaintiff's application. *E.g.*, *Jung v. Nationwide Mut. Fire Ins. Co.*, 949 F. Supp. 353, 356 (E.D. Pa. 1997) (holding that when an insured "initially taint[s] the insurance contract" through making material misrepresentations, the insurer has a reasonable basis to deny the claim). Because insurers are permitted under Pennsylvania law to rescind insurance contracts that contain material misrepresentations, denial on that basis is inherently "reasonable" for purposes of the § 8371 cause of action. *See id.*

If an insurer reasonably denies a claim, it naturally follows that the plaintiff cannot satisfy the second element of the § 8371 cause of action either, because there is no (by definition) "unreasonable basis" on which the insurer recklessly or unreasonably denied the claim.

**B. State Farm's conduct did not constitute bad faith under § 8371.**

Although a variety of insurer actions can constitute bad faith, *e.g.*, *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 500 (Pa. Super. Ct. 2004), Jones has limited her bad faith allegations against State Farm to its denial of her claim. Based on the applicable law and the 12(b)(6) threshold, Jones' Count II fails to state a claim upon which relief can be granted.

Jones' argument for why she has pleaded sufficient facts for a bad faith claim is that State Farm knew there had previously been a fire and that Jones was not currently using the dwelling as her primary residence when it accepted her application for insurance. (ECF No. 6 at pp. 4–7). Jones claims that she told a Todd Powers employee those facts and, if the court accepts those facts as true, State Farm is lying and its basis for denying coverage was unreasonable.

5

Even if State Farm was aware of her statements, however, it nonetheless acted reasonably in denying her claim. Attached to State Farm's reply brief are the internet rate quote form and insurance application form filled out by Jones that are referenced in her complaint. (ECF Nos. 7-1, 7-2). Both documents contain representations that are the opposite of Jones' alleged oral representations to the Todd Powers employee.

Specifically, the rate quote form filled out on November 20, 2012 asks whether the applicant sustained "any losses, insured or not, in the past 5 years."[5] (ECF No. 7-1 at 2). Jones answered "No." The form also asks "[h]ow is this dwelling occupied?" Jones answered "Primary," indicating that it was her primary residence. The insurance application form, filled out on January 8, 2013, also asks the same two questions, to which Jones provided the same two answers. (ECF No. 7-2 at 1–2).

In its notice of rescission letter to Jones, State Farm cites these two sets of answers as "material misrepresentations" and that but-for those misrepresentations, "State Farm would have rejected" Jones' application for insurance in January 2013. (ECF No. 7-4 at p. 2).[6] As State Farm correctly argues, even accepting as true that Jones told a Todd Powers employee she had previously had a fire and that the dwelling was not her primary residence, and accepting that State Farm knew or should have learned of those statements, State Farm nonetheless was confronted with conflicting information. Jones intentionally or unintentionally provided untrue information on the rate quote and insurance application forms on which State Farm relied.

---

[5] The previous fire that Jones admits to constitutes a "loss."
[6] Because Jones refers to these two examples in her complaint, and also states that State Farm "refuses to pay the damages due to Ms. Jones under the terms of the policy," this document is also properly considered "integral to" Jones' complaint. *See Gross*, 858 F. Supp. 2d at 478; *see also supra* note 1.

Those material misrepresentations provide a reasonable basis under § 8371 for State Farm's denial of Jones' claim and, therefore, bars liability under § 8371.[7] Accordingly, the court grants State Farm's motion to dismiss Count II of Jones' complaint.

## II. Count III: UTPCPL Fraud Claim.

State Farm also moves to dismiss Count III of Jones' complaint, in which she claims that State Farm violated UTPCPL, 73 P.S. § 201-1 *et seq*, when it denied her claim. State Farm again argues that Jones' complaint does not state a plausible basis for relief.

### A. Unfair and deceptive acts under the UTPCPL.

The UTPCPL has a broad scope, prohibiting all "unfair or deceptive acts or practices" in trade or commerce. *E.g.*, *Tran v. Metro. Life Ins. Co.*, 408 F.3d 130, 140 (3d Cir. 2005). Fundamentally, "[t]he underlying foundation of the UTPCPL is fraud prevention." *Id.* (quoting *Weinberg v. Sun Co., Inc.*, 777 A.2d 442, 446 (Pa. 2001)) (internal quotation marks omitted). A plaintiff suing under UTPCPL, therefore, must "prove the traditional elements of common law fraud." *Toy*, 928 A.2d at 202; *see also Fisher v. Aetna Life Ins. & Annuity Co.*, 39 F. Supp. 2d 508, 511 n.1 (M.D. Pa. 1998) ("Under Pennsylvania law, an insurer can be held liable under [UTPCPL] . . . only if there are fraudulent misrepresentations in order to sell a policy.").[8]

In addition to satisfying the traditional elements of common law fraud, a plaintiff claiming damages under UTPCPL must also cite an act of misfeasance by a defendant, not merely nonfeasance. *Gordon v. Pa. Blue Shield*, 548 A.2d 600, 604 (Pa. Super. Ct. 1988) ("Nonfeasance alone is not sufficient to raise a claim pursuant to the [UTPCPL]."); *see also*

---

[7] Whether State Farm's actions constituted a breach of contract is not currently at issue before the court.
[8] The elements of common law fraud are: (1) a representation; (2) material to the transaction at hand; (3) made falsely with knowledge of its falsity or recklessness as to its falsity; (4) intent of misleading another into reliance; (5) justifiable reliance; and (6) injury proximately caused by the reliance. *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994).

7

*Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995) ("In Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL] . . . ."). Accordingly, an insurer's "mere refusal" to pay on a claim is considered failure to perform—nonfeasance—and thus not actionable fraud under UTPCPL. *Horowitz*, 57 F.3d at 307 (holding that an insurer's letter that refused a claim and its reasons for denying payment "does not represent misfeasance.").

**B. State Farm's denial of Jones' claim is not actionable under the UTPCPL.**

State Farm argues that Count III of Jones' complaint should be dismissed because State Farm cannot be liable under the UTPCPL for a mere failure to pay a claim.[9] Because Jones' complaint, read in the light most favorable to her, only alleges fraud in connection with State Farm's non-payment of her claim, the court grants State Farm's motion to dismiss Count III.

The only State Farm action that Jones alleges violates UTPCPL is its denial of her claim and the accompanying rationale that cites Jones' material misrepresentations. (ECF NO. 1-1 ¶ 34). Previous courts have clearly held that an insurer's denial of a claim is an act of nonfeasance that may constitute a breach of contract, but is not actionable under UTPCPL. *E.g.*, *Gordon*, 548 A.2d at 604. Misfeasance requires alleging "the improper performance of a contracted obligation" by an insurer, not simple refusal of performance. *McCabe v. State Farm Mut. Auto. Ins. Co.*, 36 F. Supp. 2d 666, 674 (E.D. Pa. 1999) (citing *Gordon*, 548 A.2d at 604).

---

[9] State Farm also argues that Jones' complaint fails to satisfy the heightened pleading requirement under Rule 9(b) that requires stating "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Although Jones does allege fraud under UTPCPL, the complaint also alleges that State Farm committed "deceptive acts" under UTPCPL. As a recent court held, alleging deceptive conduct is different from alleging fraud in that a plaintiff need not "meet Rule 9(b)'s particularity requirement." *Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 469–70 (E.D. Pa. 2009). Because at the motion to dismiss stage all inferences are drawn in plaintiff's favor, and the court is granting State Farm's motion to dismiss Count III because of the nonfeasance vs. misfeasance issue, the court does not address State Farm's Rule 9(b) argument.

Jones counters that State Farm's actions do constitute misfeasance. Jones attempts to distinguish *Gordon*, *Horowitz*, and other precedential cases by arguing that those cases do not "involve allegations that an insurance company denied payment for reasons it knew were false when it denied payment," which Jones accuses State Farm of here. (ECF No. 6 at p. 8). The court, however, is not persuaded by Jones' argument. To reiterate, even if State Farm was aware of the statements Jones made to the Todd Powers employee, State Farm was still reasonably justified (and, therefore, not "lying") in denying Jones' claim based on her material misrepresentations in the rate quote and insurance application documents.

Because Jones' only argument that State Farm committed misfeasance is its alleged knowledge of her statements to the Todd Powers employee, the court concludes that State Farm cannot be held liable under the UTPCPL for its reasonable decision to deny Jones' claim.

**CONCLUSION**

For the reasons stated above, State Farm's motion to dismiss Counts II and III of Jones' complaint is granted. A separate order granting the same follows.

09/09/2014
Date

s/ J. Frederick Motz
/s/
J. Frederick Motz
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARONDA Y. JONES, | * | |
| | * | |
| v. | * | Civil No. JFM-14-00185 |
| | * | |
| STATE FARM FIRE AND CAUSALTY COMPANY | * | |
| | * | |
| | * | |
| | * | |

******

ORDER

For the reasons stated in the accompanying Memorandum, it is, this 9 day of September 2014

ORDERED

1. State Farm's Motion to Dismiss (ECF No. 3) is GRANTED;

2. Counts II and III of Jones' complaint are dismissed.

                                                                                                           s/ /s/ Frederick Motz
                                                                                                            J. Frederick Motz
                                                                                                            United States District Judge